EMERSON WIGHT *vs.* SPRINGFIELD & NEW LONDON RAILROAD
COMPANY.

Hampden.    March 24. — 29, 1875.    AMES & DEVENS, JJ., absent.

A person who is not a stockholder in a railroad corporation, but is duly appointed
    by a city, under the St. of 1874, c. 251, § 5, to represent it at the meetings of the
    stockholders of the railroad corporation and to vote on the stock which it owns
    therein, may be elected a director of the corporation.

PETITION for a writ of mandamus to compel the respondent
to admit the petitioner to act as one of its directors, to which
office the petitioner alleged he had been duly elected.    The an-
swer averred that the petitioner was not a stockholder in or a
member of the corporation, and was therefore not eligible to the
office of director thereof.    The case was reserved by *Endicott*, J.,
for the consideration of the full court, upon the petition and an-
swer and a report in substance as follows :

The petitioner is a citizen of Springfield, and has been since
January 1, 1875, the mayor of that city.    The respondent cor-
poration was established under the St. of 1872, *c. 53.*    The city
of Springfield, after due proceedings, had, under the St. of 1874,
*c.* 251, subscribed to the articles of association, and for fifteen
hundred shares of the capital stock, which was fixed at two thou-
sand shares of one hundred dollars each.

The petitioner was one of five persons appointed to represent
the city at the meetings of the corporation, and vote on its stock.
The first meeting of the corporation, after its certificate was ob-
tained, was held January 27, 1875, at which the corporation voted
that the number of directors should be thirteen, and proceeded to
elect directors.    The whole number of shares voting was one thou-
sand eight hundred and thirty-five, and the petitioner received
fifteen hundred and two votes, being a large majority of the
whole number.    He was not in his individual capacity, nor other-
wise than as appears herein, an owner of stock in the corporation,
and the presiding officer at the meeting refused to declare him
elected, and the corporation has ever since, by its officers, refused
to recognize him as a director, or permit him to act as such.
There were one hundred subscribers to the articles of association
and stockholders in the corporation, thirteen of whom were named

in the articles of association, before the vote of the city to sub-scribe to the articles was passed, to act as a board of directors, till others should be chosen by the corporation.  Five other citizens of Springfield, not stockholders in the corporation, received a majority of the votes cast for directors, and the corporation has refused and still refuses to recognize them as directors, or permit them to act as such.

If the petition can be maintained, the peremptory writ to issue , if not, the petition to be dismissed.

*A. L. Soule*, for the petitioner.

*G. M. Stearns & M. P. Knowlton*, for the respondent.

GRAY, C. J.   Although the directors of a railroad corporation are usually chosen by the stockholders from their own number, there is no rule of law that makes the holding of stock an indispensable qualification of a director, unless prescribed by some act of the Legislature or by-law of the corporation.   The only adjudication upon the subject, cited at the argument, supports this view. *State* v. *McDaniel*, 22 Ohio St. 354.   And the statutes expressly requiring directors of banks and insurance companies to be members of the corporation, and the first directors of a railroad corporation incorporated under the general law to be associates, strengthens the conclusion that the Legislature intended to leave the qualifications of directors in the permanent organization of such a corporation to the determination of the stockholders. Gen. Sts. *c.* 57, § 41 ; *c.* 58, §§ 27, 43.   St. 1872, *c.* 53, § 4. *Sargent* v. *Webster*, 13 Met. 497, 504.

The remarks of the court in *Penobscot Railroad* v. *Dummer*, 40 Maine, 172, 174, and in *Spering's Appeal*, 71 Penn. St. 1, 21, on which the respondent relies, do not appear to have been necessary to the decisions, and the reports do not show what the statutes were under which the cases arose.

The St. of 1874, *c.* 251, authorizing towns and cities to subscribe for and hold stock in railroad corporations, by § 2 authorized any town or city to become an associate for the formation of a railroad corporation in compliance with the general railroad act of 1872, *c.* 53, " with all the powers and privileges enjoyed by any individual associate," and in § 5 provided that " the selectmen of towns, and such persons as may be authorized by vote of the city council of cities, may, at all meetings of the corporations

in which the stock or securities are held, represent their respective municipalities, and vote upon each and every share of stock owned by them respectively."

Under the authority conferred by this statute, the city of Springfield has become the owner of three fourths of the capital stock of the Springfield and New London Railroad Company. It would be a most unreasonable construction of the statute to limit the choice of the city in the election of directors to the holders of the remaining fourth part of the stock.

For these reasons, we are of opinion that the petitioner has been duly elected a director of the respondent corporation, and that a                    *Peremptory writ of mandamus must issue.*