GREENOUGH v. ALABAMA G. S. R. CO. et al.

(Circuit Court, N. D. Alabama, S. D.  November 8, 1894.)

1. CORPORATIONS — ACTION TO CONTROL ELECTION OF AGENTS — WHEN MAIN-
   TAINED BY DIRECTOR.
   A director of a corporation cannot sue in equity to hinder or control the
   election of other agents of the company in the manner prescribed by its
   charter and by-laws, on any showing as to what such agents may or
   may not do, or intend to do; especially until he has tried the usual
   methods of relief, and invoked the action of the full board of directors.

2. SAME — ELECTION OF DIRECTORS — ACTION TO ENJOIN — WHEN MAINTAINED
   BY MINORITY STOCKHOLDER.
   The holder in trust of one share out of a total of 156,600 shares of
   stock of a railroad corporation cannot maintain an action to enjoin the
   election of directors by the other shareholders.

3. SAME—DIRECTOR—QUALIFICATION AT TIME OF ELECTION—WHEN NECESSARY.
   Code Ala. 1886, § 1593, provides that the business of a corporation is
   managed by a board of directors holding and owning in good faith and
   in their own right shares of the capital stock, who must be elected by
   the shareholders at the regular annual meeting, etc.  Held, that a person
   who holds and owns no stock of a corporation may be voted for and
   elected a director thereof, and afterwards qualify himself by acquiring
   one or more shares as owner in good faith and in his own right.

This was a bill by John Greenough against the Alabama Great
Southern Railroad Company and others for an injunction restrain-
ing the election by defendants of certain persons as directors of such
company, in which a temporary restraining order was issued.  De-
fendants move to dissolve such order.  Motion granted.

The stock of the defendant company consists of 156,600 shares, of which
156,587 are owned by the Alabama Great Southern Railway Company, Lim-
ited, of London, the other 13 shares standing in the names of different per-
sons, and known as "directors' shares."  The annual meeting for the elec-
tion of a board of directors in the Alabama company was held at Birming-
ham, on October 3d.  The English company had sent on a proxy for its 156,-
587 shares, directing a voting of the stock in favor of 11 specific directors,
among whom were Henry A. Taylor, M. D. Woodford, Alfred Sully, Henry
F. Shoemaker, Eugene Zimmerman, and John Howard Taylor.  The evening
before the election, John Greenough, alleging himself to be a registered stock-
holder of one share, applied to the circuit court, Judge Bruce presiding, for an
injunction restraining all proceedings at the meeting looking to the election of
these six directors, restraining the voting of this proxy and restraining the
company from recognizing these men as directors.  The alleged ground for his
prayer was that these nominees were not registered stockholders in the com-
pany, as required by the laws of Alabama.  No notice was given to the de-
fendants, and Greenough obtained a temporary order ex parte.  The election
was held the next day, and all the ballots cast before the writ was served
upon the parties; so that all that it accomplished was to prevent the judges
of election from certifying the result.  The company then moved to dissolve
the injunction.

Lawrence Maxwell, Sol. Gen., for the motion.
Henry Crawford and Alex. P. Humphrey, opposed.

PARDEE, Circuit Judge (after stating the facts).  This case has
been presented to me for hearing at the request of the honorable
circuit justice and the honorable district judge of the district, on
a motion to dissolve the restraining order issued by the district

judge ex parte on the filing of the bill; and I have given it such consideration as the limited time at my disposal has permitted.

The complainant's standing under his bill, and his consequent right to invoke the jurisdiction of the court, is as a stockholder in the Alabama Great Southern Railroad Company, the main defendant in the case. It is true that he alleges himself to be also a director in that company, and an owner of certain bonds issued by certain other railroad companies, and secured by a deed of trust, conveying a majority of the shares of the Alabama Great Southern Railway Company, Limited, which latter company is the actual owner of all the shares of common and voting stock of the Alabama Great Southern Railroad Company, and thereupon seems to base all the material equities presented in his bill. As a director in the Alabama Great Southern Railroad Company, he can have no interest or standing to invoke the aid of a court of equity to hinder or control the election of other agents of the company in the manner and form prescribed by the charter and by-laws on any sort of a showing as to what the agents so elected may or may not do, or intend to do; particularly, until he has tried the usual methods of relief, and has invoked the action of the full board of directors. If the complainant is an owner of bonds issued by other parties apparently secured by a trust of shares of another company, but in equity really secured by the shares of the Alabama Great Southern Railroad Company, his bill does not present any such showing of his title or the facts of his case as to make a case for relief. As the complainant's equitable right to relief in the present case is to be alone based on his standing as a stockholder in the Alabama Great Southern Railroad Company, it is very important to see what that standing is. In his bill of complaint there is this cautious averment:

"Said duplicate, duly-certified list of stockholders is herewith filed, and made part of this bill of complaint, as Exhibit A, and complainant avers that all persons named thereon, including the complainant, are respectively registered stockholders of such corporation, and entitled to all rights appertaining to such relation, and have never assigned their stock, and there are no other holders of stock of such Great Southern Company than is shown and exhibited upon the official list prepared and certified by such secretary."

An examination of the exhibit referred to shows that the complainant is put down thereon for 1 share out of the total of 156,600 shares, and of which total number of shares the Alabama Great Southern Railway Company is the owner of all but 13. The complainant, then, by his averment, is a registered stockholder of one share, of $50, out of a total stock of $7,830,000. The showing made on this hearing is to the effect—and it is not disputed—that the complainant is not in equity the owner or holder of even one share of stock, but that, under an arrangement made to enable to complainant to comply with the law of Alabama requiring a director of a railroad company to be the owner in good faith of stock in the company, the Alabama Great Southern Railway Company transferred to the complainant, in September, 1893, one share of common stock of the Alabama Great Southern Railroad Company, not to own, but to hold in trust for the Alabama Great Southern Railway Company, Limited. The complainant, then, is before the court as

the holder in trust—and a naked trust at that—of 1 share of stock out of a grand total of 156,600 shares; and from that vantage ground he seeks, through the bill in this case, to control and keep in possession, as against his cestui que trust and the actual, real, bona fide owner, as well of all the other shares, a great railroad property. If complainant's bill had made a full and complete showing of complainant's insignificant interest as a stockholder in the Alabama Great Southern Railroad Company, it is hardly to be doubted that the judge to whom the bill was presented, on its filing, would have refused a rule nisi for an injunction based on such interest; and reasonably certain it is that no restraining order would have been issued. If, however, it should be conceded—and the argument has taken such range—that the complainant, as a stockholder, possesses sufficient interest to give jurisdiction to the court respecting the amount in controversy, and, further, that the relief sought is equitable in nature, then the question arises whether it is true in fact, as averred in the bill, that:

"In and by the statutes of the state of Alabama, which constitute the charter of the said Great Southern Company, no person can be lawfully elected a director of such corporation who is not by law entitled to vote at such annual election; * * * and it is by law required that persons to be elected as directors must be holders and owners of stock, and nonstockholders are wholly ineligible."

The statute of Alabama in relation to the subject is as follows:

"The business of the corporation is under the management and control of a board of directors, consisting of not less than seven nor more than eleven members, holding and owning, in good faith, and in their own right, shares of the capital stock, who must be elected by the stockholders, at the regular annual meeting, and who hold office for a term of one year, and until their successors are elected and qualified. * * *" Code Ala. 1886, § 1593.

The spirit and policy of the statute is undoubtedly that the affairs and business of the corporation shall be controlled and managed by principal agents, who shall have a pecuniary interest in the corporation. Under this statute, the qualifications of a director are that he shall be elected by the stockholders, and shall own and hold in good faith, in his own right, shares of the capital stock of the corporation. When these two—to wit, election as a director, and ownership of stock—combine in one person, that person is eligible as a director to participate in the management of the affairs of the corporation. In my view, neither the letter nor spirit of the statute requires that ownership of stock, much less registered ownership, shall precede the election. The law is satisfied if both election and ownership precede action as a director. I am aware that there are several decisions of respectable courts and judges that apparently conflict with this view, but I think the general run of reported cases under statutes as general as the Alabama statute are in accord therewith. The industry of counsel has furnished nearly all of the adjudged cases in the books, and I have considered them carefully in the light of the great interests said to be involved in this case. I give my conclusion, but do not undertake to review or harmonize the cases. The following well-considered cases are sufficient authority to support my action, particularly as common sense

and the course of business trend that way: Mozley v. Alston, 1 Phil. Ch. 790; State v. McDaniel, 22 Ohio St. 354-367; Wight v. Railroad Co., 117 Mass. 226; Despatch Line of Packets v. Bellamy Manuf'g Co., 12 N. H. 205; Brown's Case, 9 Ch. App. 102; Parmelee v. Hambleton, 24 Ill. 609; State v. Murray, 28 Wis. 96; Privett v. Bickford, 26 Kan. 52.

The case for equitable relief made by the complainant's bill turns entirely upon the question whether, at the annual election of directors of the Alabama Great Southern Railroad Company, a person can be legally voted for as a director of the company who is not a registered shareholder in the company. I conclude that he may be voted for, and, if elected, may subsequently qualify by acquiring as owner, in good faith and in his own right, one or more shares of stock of the company. So that, conceding the jurisdiction of the court, both in respect to the interest of the complainant to maintain the suit and in respect to the nature of the relief demanded, it seems clear the complainant's case must fail upon the merits.

Several other questions, important if the case shall come on here-after for further hearing, have been very ably discussed by counsel; but as I am clear that, no matter what view I shall take of them, still, for the reasons given, the restraining order should be dissolved, it is unnecessary to state or consider them. An order dissolving the restraining order will be entered, to take effect immediately on being filed in the clerk's office.