The Manufacturers' Exhibition Building Company
*v.*
Joseph I. Landay.

*Opinion filed December 20, 1905.*

1. Corporations—*by-laws must be made by board of directors or managers.* The word "may," used in section 6 of the act relating to corporations, providing that by-laws "may" be adopted by the board of directors or managers, means that by-laws must be adopted by the directors or managers, and not by the stockholders.

2. Same—*stockholders have no power to adopt or amend by-laws.* In Illinois, where the power to adopt by-laws is conferred by statute upon the board of directors or managers, the stockholders have no power to adopt or amend them, and have no right to provide that any amendment of the by-laws must be ratified by the stockholders before it may become operative.

3. Same—*when by-laws will be held to have been adopted by directors.* Where the directors and the stockholders of a corporation are the same persons, there being no stockholders who are not directors, by-laws adopted by the stockholders will be held to have been adopted by the directors.

4. Same—*when action by the board of directors is binding.* A resolution abolishing the salary of the vice-president of the corporation, adopted by the board of directors as an amendment to a by-law, is binding even though it is not ratified by the stockholders, who were the same persons who comprised the board of directors, even though one of the by-laws of the corporation makes such a ratification essential to the force of any amendment adopted by the directors.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. Chetlain, Judge, presiding.

This action is a suit at law brought by appellee, against appellant, to recover $250 for salary claimed by appellee to be due from appellant for services rendered as vice-president of the Manufacturers' Exhibition Building Company, a private corporation, for the months of March and April, 1903. The pleadings consisted of the common counts and general

issue, and a stipulation of facts was filed containing the provision that the pleadings as to both parties should be considered sufficient for the introduction of evidence on behalf of either party. Trial was had before the court without a jury, and various propositions of law, in writing, were submitted by both appellant and appellee to be held as the law of the case. The propositions submitted by appellee were held to be the law and those presented by appellant refused, and judgment was accordingly entered for the sum of $250. On appeal to the Appellate Court this judgment was affirmed, and the case comes to this court upon a certificate of importance.

The facts in the case briefly show that appellant is a close corporation, one-half of the stock being owned by Joseph S. Meyer, the president, and the other half being owned by appellee, vice-president of the company. The appellant was incorporated with a capital stock of $6000, divided into one hundred and twenty shares of the par value of $50 per share. The first meeting of the stockholders was held on March 11, 1901. At this meeting a board of three directors was elected, who adopted certain by-laws for the government of said corporation. On July 26, 1901, the board of directors was increased from three to four, and on September 25, 1902, Joseph S. Meyer, the president, who was the real owner of sixty shares, and James A. Pugh, who was the real owner of the other sixty shares, elected themselves as directors, and also elected their wives as the other two directors, transferring one share of stock to each of their wives. Shortly afterwards a disagreement arose between Meyer and Pugh, and Meyer succeeded in getting appellee to purchase the stock belonging to Pugh, informing him that his salary would be fixed, as vice-president, at the sum of $250 per month for a short period and then fixed at the sum of $1500 per annum. Appellee purchased the Pugh sixty shares, and after his purchase, Meyer, the president, transferred one share of his stock to an employee by the

name of Charles G. White. At a meeting of the stockholders on September 27, 1902, Meyer, his wife and White were each elected directors of the corporation and appellee was elected as the other director. At this meeting of the stockholders an amendment to the by-laws was adopted, fixing the salary of the president at $3000 per annum, and the salary of the vice-president for the months of October, November and December, 1903, at the rate of $250 per month and thereafter at the sum of $1500 per annum, payable in monthly installments, and providing that no other officer should be allowed compensation for his services. This amendment was adopted by the unanimous vote of all the stock of the corporation, the stockholders and directors, of course, being the same identical persons, as the directors owned all of the stock. On the same day a special meeting of the board of directors was called and appellee elected vice-president, and his salary thereafter paid, according to the terms of the by-laws, to March 1, 1903. Section 16 of the by-laws which had been adopted provided that the by-laws might be altered or amended at any meeting of the stockholders by a majority vote of the stock represented at such meeting, or by a two-thirds majority vote of the board of directors at any regular meeting, such action by the board of directors to be ratified and confirmed at the first meeting of the stockholders thereafter. On February 9, 1903, at a regular meeting of the board of directors a resolution was proposed by Gussie W. Meyer, proposing an amendment to the by-laws, which provided that the salary of the vice-president should cease after the second Monday of March, 1903. A vote upon this amendment stood: those voting in the affirmative, three, and those voting in the negative, one. At the annual meeting of the stockholders in March, 1903, a resolution was offered by appellee that the proposed amendment be not ratified or adopted. The vote upon this resolution resulted in the ayes voting sixty shares and the nays sixty shares.

A. W. BRICKWOOD, (C. STUART BEATTIE, of counsel,) for appellant:

The provisions of the general Incorporation law are the appellant's charter. *Navigation Co.* v. *Railroad Co.* 130 U. S. 1; *People* v. *Gas Trust Co.* 130 Ill. 268; *Danville* v. *Water Co.* 178 id. 299; *Bixler* v. *Summerfield,* 195 id. 147; *Traction Co.* v. *Chicago,* 199 id. 484.

Appellant's corporate powers must be exercised by the board of directors, which "may adopt by-laws for the government of the officers and the affairs of the company." Hurd's Stat. 1903, chap. 72, sec. 6.

Stockholders have enumerated powers given by statute, but no power to enact or reject by-laws is included therein. *Expressio unius exclusio alterius.* The power must be exercised as provided by statute, and not otherwise. Potter's Dwarris on Stat. 72, and authorities cited; id. 229; *People* v. *Loeffler,* 175 Ill. 585; *McGann* v. *People,* 194 id. 526.

The corporate machinery in which the statute has vested the power to make by-laws cannot delegate the power. *People* v. *Sterling Manf. Co.* 82 Ill. 457; *Supreme Lodge* v. *McLennan,* 171 id. 417; *Supreme Lodge* v. *Kutscher,* 179 id. 340; *Insurance Co.* v. *Keyser,* 32 N. H. 313; *Alters* v. *Bricklayers' Ass.* 19 Pa. 272.

The stockholders as such, or the board of directors as such, could not by any vote limit the power of the board of directors to pass any reasonable and lawful by-law in the future. *Supreme Lodge* v. *Kutscher,* 179 Ill. 346; *Insurance Co.* v. *Keyser,* 32 N. H. 313; *Smith* v. *Nelson,* 18 Vt. 511; *Fullenwider* v. *Royal League,* 180 Ill. 621; *Baldwin* v. *Bagley,* 185 id. 19; *Insurance Co.* v. *Kentner,* 188 id. 431; *Dornes* v. *Supreme Lodge,* 75 Miss. 466.

Appellee was not entitled to a salary as an officer of the corporation except by resolution or by-law. *Gridley* v. *Railway Co.* 71 Ill. 200; *Alston Manf. Co.* v. *Squair,* 105 Ill. App. 238; *Fritz* v. *Building Ass.* 186 Ill. 183.

FRANK W. WHEELER, FRED B. SILBER, and MARTIN J. ISAACS, for appellee:

The power to enact and repeal by-laws is inherent in the corporation. The stockholders are the body of the corporation. *Alters* v. *Bricklayers' Ass.* 19 Pa. 272; *Insurance Co.* v. *Farquhar,* 86 Md. 671; *Lovell* v. *Westwood,* 2 Dow & Cl. 21; 4 Thompson on Corp. sec. 5314; 1 id. sec. 955; 1 Cook on Corp. sec. 4; *Bank* v. *Smith,* 19 Johns. 115; *Gravel Road Co.* v. *Wysong,* 51 Ind. 4.

The delegation by the legislature to the board of directors of the power to adopt by-laws does not deprive the stockholders of the power to adopt and repeal by-laws. *Lovell* v. *Westwood,* 2 Dow & Cl. 21; 1 Thompson on Corp. sec. 959.

The right to amend by-laws is subject to a limitation contained in the charter or in the by-laws themselves. *Stevens* v. *Davison,* 18 Gratt. 819; *Loewenthal* v. *Rubber Reclaiming Co.* 52 N. J. Eq. 440; *Mutual Aid* v. *Monti,* 59 N. J. L. 341.

Where by-laws prescribe a mode of amendment which is reasonable and not in conflict with the law of the land or with the charter of the corporation, that mode must be followed. *Stevens* v. *Davison,* 18 Gratt. 819; *Heintzelman* v. *Druids Relief Ass.* 38 Minn. 138; *Thibert* v. *Supreme Lodge,* 81 N. W. Rep. 223; *Alters* v. *Bricklayers',Ass.* 19 Pa. 272; *Insurance Co.* v. *Farquhar,* 86 Md. 671; *Mutual Aid* v. *Monti,* 59 N. J. L. 341.

Each holder of stock by transfer becomes a party to the original contract. *Loewenthal* v. *Rubber Reclaiming Co.* 52 N. J. Eq. 440.

The by-laws of a corporation constitute a contract between each stockholder and the corporation. *Life Assurance Co.* v. *Erlenkoetter,* 90 Ill. App. 102; *Loewenthal* v. *Rubber Reclaiming Co.* 52 N. J. Eq. 440; *Alters* v. *Bricklayers' Ass.* 19 Pa. 272; Morawetz on Corp. sec. 499; *Kent* v. *Quicksilver Mining Co.* 78 N. Y. 159; *Fullenwider* v. *In-*

*surance Co.* 180 Ill. 625; *Metropolitan Ass.* v. *Windover,* 137 id. 434; *Becker* v. *Insurance Co.* 48 Mich. 610.

Section 1 of article 16 of the by-laws of the corporation imposed a limitation upon the power of amendment by the board of directors, and the board of directors had no power, under said by-laws or otherwise, to disregard the provisions of said by-law, which imposed a limitation upon the board of directors to alter or amend the by-laws. *Stevens* v. *Davison,* 18 Gratt. 819; *Loewenthal* v. *Rubber Reclaiming Co.* 52 N. J. Eq. 440;, 4 Thompson on Corp. sec. 5314; *Heintselman* v. *Druids Relief Ass.* 38 Minn. 138.

Stockholders are estopped from denying the validity of a code of by-laws which they themselves adopt and hold out to the world as valid. *People* v. *Sterling Manf. Co.* 82 Ill. 457; *Morrison* v. *Dorsen,* 48 Md. 461.

Mr. JUSTICE RICKS delivered the opinion of the court:

It will be seen from the statement that the issue raised upon the propositions of law presented and involved in this suit is whether the resolution of the board of directors on February 9, 1903, attempting to amend the by-laws relating to the salary of the vice-president, was effectual without being ratified and confirmed by the stockholders at the first meeting of the stockholders thereafter.

The statute in reference to corporations (Hurd's Stat. 1903, sec. 6, p. 473,) provides: "The corporate powers shall be exercised by a board of directors or managers. * * * The officers of the company shall consist of a president, secretary and treasurer, and such other officers and agents as shall be determined by the directors or managers, and the directors or managers may adopt by-laws for the government of the officers and affairs of the company."

It will be seen from the reading of the statute that the office of vice-president is not provided for, except that the board of directors or managers may provide for other "officers and agents." There is no other provision in the stat-

ute relating to corporations providing for the making of by-laws, and while the statute uses the word "may," no interpretation could be made other than that "may" means "shall," (providing that by-laws are to be adopted.) The words "may" and "shall" are frequently used interchangeably, as will best express the legislative intent, and one may be used for the other, and such construction should be placed upon the statute with reference to the two words as seems consistent. Both words and phrases are sometimes transposed, if by so doing the legislative intention can be determined. *Wabash, St. Louis and Pacific Railway Co.* v. *Binkert,* 106 Ill. 298.

Under our statute a corporation can act only through its board of directors and officers. Its property is not subject to the control of its members or its stockholders. (*Sellers* v. *Greer,* 172 Ill. 549.) In *Allemong* v. *Simmons,* 124 Ind. 199, where the owner of five-sixths of the stock of a corporation, who was also a director, undertook to enter into a contract, the court held that he had no power to make the contract for the corporation, as it could only be bound by the action of the board of directors. It was also held that the power could be conferred upon one person by the board of directors to enter into a contract which would be binding upon the company, but that the action should be by a majority of the board of directors.

In *Humphreys* v. *McKissock,* 140 U. S. 304, in discussing the rights of stockholders, the court said: "Both the commissioner, and the court in confirming his report and entering the decree mentioned, seem to have confounded the ownership of stock in a corporation with the ownership of its property. But nothing is more distinct than the two rights. The ownership of one confers no ownership of the other. The property of a corporation is not subject to the control of individual members, whether acting separately or jointly. They can neither encumber or transfer that property nor authorize others to do so. The corporation—the

artificial being created—holds the property and alone can mortgage or transfer it; and the corporation acts only through its officers, subject to the conditions prescribed by law."

In *Smith* v. *Hurd,* 12 Metc. 385, it is said: "The individual members of a corporation, whether they shall all join or each act severally, have no right or power to intermeddle with the property or concerns of the bank, or call any officer, agent or servant to account or discharge them from any liability. Should all the stockholders join in a power of attorney to any one he could not take possession of any real or personal estate, any security or choses in action; could not collect any debt or discharge a claim or release damage arising from any default, simply because they are not the legal owners of the property and damage done to such property is not injury to them. Their rights and their powers are limited and well defined."

In *Hopkins* v. *Roseclare Lead Co.* 72 Ill. 373, it was held that a stockholder, simply because he owned a majority of the stock, could not act for the company unless he was specially authorized, and while he had a right to control an action of the company by the election of its officers, still the company could only act through its officers or by delegating its powers to others.

In Cook on Stockholders (3d ed. sec. 709,) it is said: "The stockholders cannot enter into contracts with third persons. Contracts between the corporation and third persons must be entered into by the directors, and not by the stockholders. The corporation, in such matters, is represented by the former and not by the latter. Such is one of the main objects of corporate existence. To the directors is given the management and formation of corporate contracts. The stockholders cannot, in meeting assembled, bind the corporation by their contracts in its behalf. Although one person owns a majority of the stock, or all of it, or all but two shares, he does not, in consequence thereof, acquire

the right to act for the corporation or as the corporation, independently of the directors. One person may own all the stock, and yet the existence, relations and business methods of the corporation continue. A single stockholder cannot make a contract for and in the name of the corporation which shall have any binding force or validity, except by subsequent ratification or adoption in the regular manner."

The regular manner in which a ratification of a contract could be made or by-laws enacted would be the manner provided by statute. Although the power of making by-laws is vested in the managers of the corporation and not in the shareholders, a by-law passed at a meeting called as a shareholders' meeting will be valid if the shareholders and managers were the same persons and all were present and participated. But that would not prohibit the regularly constituted law-making body of the corporation to amend or change its by-laws at any time it saw fit. Under the common law it was no doubt the duty of the stockholders to enact by-laws regulating the affairs of the company, and it may be that where a corporation had its existence at common law, and subsequent to its creation its charter was so amended as to give the power of making by-laws to a select body, this amendment might not necessarily be held to deprive the body at large of its common law power to make by-laws, for the reason that the body at large, being the primary source of authority, was not, by the mere act of conferring upon the select body special powers, deprived of its general powers unless so provided by its charter act. This we regard as the effect of the holding in *Lovell* v. *Westwood, 2* Dow & Clark, 21; and the authorities cited by the appellee, to the effect that the stockholders have power to adopt by-laws notwithstanding the statute confers that power on the board of managers or directors, all seem to rely upon the above case. But where, as in our State, there is a statute specially providing the mode and manner in which a corporation is organized and controlled and its by-laws enacted, under

which statute this corporation has its existence, if any particular manner is pointed out by the statute as to the manner in which the by-laws should be adopted we are unable to see how any other legal method could be resorted to.   Surely there could be no doubt as to the right of the directors, under the statute, to abolish the office of vice-president, as the office could not be created in any manner except by the board of directors, there being no statutory provision for such an office.   While it is true that at a meeting of the stockholders a by-law was enacted providing that no amendment to its by-laws could be made without being ratified by the stockholders, yet the stockholders and directors were the same persons, all directors being stockholders and all stockholders being directors.   The making of the by-laws would, in fact, be held to be made by the persons authorized by statute to make the same, which would be the board of managers or directors.   (*People ex rel.* v. *Sterling Burial Case Manf. Co.* 82 Ill. 457.)   And if the by-laws were enacted by the directors,—which we must hold was done,—we can see no reason why they could not amend any by-law enacted by them.   If the stockholders have no right to make by-laws, why should they have any voice in amending them?   The law charges the board of managers or directors with the duty of making the by-laws necessary for the proper conduct of the business of the corporation.   If it be held that the limitation found in by-law No. 16, requiring the ratification by the stockholders of a change of the by-laws made by the directors, is valid and binding, then we are to hold, in effect, that one board of directors at one time may place a limitation upon themselves or future boards of directors in the matter of making by-laws, and add requirements neither provided for in nor contemplated by the law of their creation.   Such, we think, is not the law, nor do we think it should be so.   The best interest of the corporation, and not the interest of the individual stockholder, is the consideration that should move the directors to make by-laws, and if such

limitation were placed upon their authority they would be powerless to perform their duty except in cases where the proposition was such as met the individual notion of the holders of a majority of the stock.

While the question here considered has not been before us in the exact form it is now presented, a similar question was considered in *Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340, and the views we now express are in harmony with and in full analogy to the views expressed in that case and others that might be cited.

There being a statutory provision providing for the manner in which by-laws should be enacted, and the manner provided for having been observed by the board of directors in its meeting, we are of the opinion that the stockholders had no right to limit the action of the directors in reference to the making of its by-laws, and therefore had no right to provide that any amendment made to the by-laws by the directors should be ratified by the stockholders before it became operative. It therefore follows that the amendment made by the directors was legal even if the by-laws were adopted by the stockholders, as the stockholders and the directors were the same.

Such being our view of the law, the trial court erred in holding propositions of law presented by appellee to be the law and refusing those presented by appellant, and the Appellate Court also erred in rendering judgment affirming the judgment of the trial court.

The judgments of both the Appellate and the trial courts are therefore reversed, and the cause is remanded to the superior court of Cook county for such further proceedings as to law and justice may appertain.

*Reversed and remanded.*