## The People of the State of Illinois, ex rel. John Wildi et al., Appellees, v. Theodore Ittner, Appellant.

1. CORPORATIONS—*function of valid by-law.* A by-law once enacted is as much a law of the corporation as the charter itself, provided it is in conformity with the charter and does not contravene public laws or any principles of public policy, no matter how inconvenient or embarrassing its effects may be as to the individual members.

2. CORPORATIONS—*what by-laws valid.* By-laws are valid which provide that to qualify as a director two shares of the capital stock must be registered in the name of such director, and further, that such director must not be directly or indirectly interested as a stockholder in any competing business.

3. CORPORATIONS—*effect of ratification of by-laws by stockholders.* The power to adopt by-laws being solely in the directors ratification by the stockholders of by-laws adopted by the directors adds nothing to their validity.

*Quo warranto.* Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed November 11, 1911.

**Statement by the Court.** This is a *quo warranto* proceeding to try the title of Theodore Ittner to the office of director of the Helvetia Milk Condensing Company. The information alleges in substance that the relators, John and Louisa Wildi, are stockholders

in said company; that they own more than one-third
of the entire stock of said company, and that said
John Wildi has owned more than one-third of the
stock of said company for more than ten years; that
at an election for directors of said company in Feb-
ruary, 1910, the relators voted said stock for John
Wildi and Louisa Wildi for directors of said company;
that each of said relators received at said election
455 votes, and that said Theodore Ittner, appellant,
only received 151 votes, and was declared as one of
the five directors elected at said election; and that
the relators were denied the office of director of said
company, notwithstanding the fact that they received
at said election more votes than any one of the five
candidates declared elected as such directors.

To said information the respondent filed his plea
alleging that though the relators received the high·est
number of votes cast for any persons in said election,
yet the relators were deprived of said office, because
under the by-laws of said company they were ineligible
to serve as directors of said company; that John
Wildi held stock and was a director and president of
another company engaged in the same line of business
at said time and competing with Helvetia Milk Con-
densing Company; and that Louisa Wildi was the wife
and immediate member of the family of John Wildi,
and had not been the owner and holder of two shares
of stock standing in her name on the books of the
company for at least six months prior to said election;
and that the five persons that were declared elected
directors were stockholders and eligible to said office
of director. The plea then sets out the by-laws of
said corporation company in justification of the board
of directors in refusing to count the votes cast for the
relators, and in declaring five others who had received
less votes as duly elected directors, which by-laws are
in the following words and figures, to wit:

ARTICLE 2.

"Section 1. The corporate powers of this corpora-

tion shall be vested in a board of five directors, each of whom must possess the qualifications as provided for in Clauses A, B, C, D and E of Section 1, of Article 4, of the amended revised by-laws of this corporation.

### ARTICLE 4.

"Section 1. The Board of Directors shall consist of five directors, each of whom must possess the following qualifications to entitle him to such directorship:

"Paragraph A. He must be a *bona fide* holder and owner of not less than two shares of the capital stock of this corporation, registered in his name.

"Paragraph B. He must be a *bona fide* owner and holder of such two shares of stock standing registered in his name at least six months prior to the annual stockholders' meeting at the time of his election.

"Paragraph C. He shall not be directly or indirectly interested as a stockholder in any other firm, company or association that may be engaged or formed, incorporated or associated for the purpose of engaging in the purchase, manufacture or sale of condensed milk, condensed cream, evaporated milk, evaporated cream or any dairy products of a similar character manufactured and sold by this corporation.

"Paragraph D. He shall not be the immediate member of the family of any stockholder in any other firm, company or association that may be engaged or formed, incorporated or associated for the purpose of engaging in the purchase, manufacture or sale of condensed milk, condensed cream, evaporated cream, evaporated milk or any dairy products of a similar character manufactured and sold by this corporation.

"Paragraph E. He shall not be an officer, agent, employe, attorney or trustee in any other firm, company or association that may be engaged in the purchase, manufacture or sale of condensed milk, condensed cream, evaporated milk, evaporated cream or any dairy products of a similar character manufactured and sold by this corporation."

To the foregoing plea the court sustained a demur-

rer, and the respondent having elected to stand by his plea, the court rendered judgment that he be ousted and prohibited from exercising the functions of said director, etc. The respondent appealed to this court.

J. P. STREUBER, SCHAEFER, FARMER & KRUGER and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

JOHN F. GILLHAM, WISE, KEEFE & WHEELER and WILFLEY, McINTYRE & NARDIN, for appellees.

PER CURIAM. The only question presented for our decision in this case is whether or not the by-laws which by their terms disqualify both relators, appellees, from being directors in the Helvetia Milk Condensing Company, are such by-laws as can be legally passed by the board of directors of said company, and ratified by its stockholders. No other question is raised as to the sufficiency of the pleadings; and it is averred in the plea of the appellant that the said Helvetia Milk Condensing Company, by its directors, on February 21, 1908, adopted said by-laws for the government of said coporation; and that they were ratified by its stockholders. It is insisted very strongly and ably by the learned counsel for the appellees that the corporation had no power to pass by-laws of the character of the said by-laws that disqualifies the appellees as directors. The power to make by-laws is inherent in every corporation whether expressly given to it or not by the statute that created it. Among the powers that are necessarily and inseparably incident to every corporation, as enumerated by Blackstone, is the power, "To make by-laws or private statutes for the better government of the corporation; which are binding upon themselves, unless contrary to the laws of the land, and then they are void. This is also included by the law in the very act of incorporation; for as natural reason is given to the natural body for

the governing it, so by-laws or statutes are a sort of political reason to govern the body politic.'' Cooley's Blackstone, Book 1, 475. The same doctrine has been frequently announced by the courts of this country, and a by-law once enacted is as much a law of the corporation as the charter itself, provided it is in conformity with the charter and does not contravene public laws or any principle of public policy, no matter how inconvenient or embarrassing its effects may be to the individual members. Kent v. Quicksilver M. Co., 78 N. Y. 179; Weatherly v. Med. & Surg. Society, 76 Ala. 567; Cummings v. Webster, 43 Me. 192; Green v. Board of Trade, 174 Ill. 585.

This doctrine is not disputed by appellees; but they insist that, ''the matter of prescribing qualifications for directors is a power only in the body creating the corporation, and to be found only in the fundamental law of the corporation—that is, in its charter.'' It is also insisted that there is no authority ''For the proposition that the corporation may prescribe qualifications (of directors), in the absence of delegation in the charter of power to do so.'' Our investigation of this question leads us to the conclusion that in the absence of some provision in the laws or the charter for the government of corporations that expressly or by implication denies the right of the corporation to prescribe qualifications for its directors, that it has the right to do so, with the limitations above set forth in the making of by-laws generally. Thompson on Corporations, Vol. 1, Sec. 918, (2nd Ed.), says: ''A corporation may prescribe by by-laws the qualifications for its directors as well as other officers, but such by-laws must not be inconsistent with the charter or general statute.''

In Elliott on Corporations, Sec. 498, it is said: ''A director is merely an agent, and any person who has capacity to contract may be a director of a corporation. No special qualifications are necessary unless required by the charter or by-laws.''

Purdy's Beach on Corporations, Vol. 2, Sec. 713, states the law thus, "any person is eligible to appointment as director, or any corporate officer, if no qualification is prescribed in the charter, general statute or by-laws." In Sec. 714 thereof he says: "in the absence of charter or statutory regulation thereof, the shareholders may, in the by-laws adopted by them, prescribe the qualifications of the managing board."

Cook on Corporations, Sec. 623 (Fifth Ed.), states the rule thus: "A corporation may pass a by-law prescribing the qualifications of its directors and may prescribe that a person who is an attorney against it in a suit shall not be a director." The following cases also sustain the foregoing rule as given in said text books: Cross v. W. Va. C. & P. Ry. Co., 37 West Va. 342; Commonwealth v. Stevenson, 200 Pa. 509; Wight v. S. & New L. R. Co., 117 Mass. 226; Despatch Line of P. v. Bellamy Man. Co., 12 N. H. 205.

We have not been able to find any decisions that hold contrary to the rule as above stated. The general rule is that unless expressly authorized by statute or by the charter, the board of directors have no power to make by-laws; neither can they alter or amend existing by-laws. On the other hand, by-laws adopted by the stockholders are invalid where the power is vested in the directors. Thompson on Corp., Sec. 969.

Sec. 6, Chap. 32, Hurd's Stat., 1909, provides: "The corporate powers shall be exercised by a board of directors or managers;—and the directors or managers may adopt by-laws for the government of the officers and affairs of the company; provided they are not inconsistent with the laws of this state."

This statute is broad enough to include the right to prescribe the qualifications of the directors by by-laws. "Affairs of the company" necessarily include the election and qualification of directors; and by fair inference such language gives the right to say by by-laws who shall be voted for at such an election, within proper bounds. If the statute was so specific as to

name certain by-laws, or subjects upon which by-laws could be made without specifying that by-laws might be made prescribing the qualifications of directors, then by implication there might be good grounds for saying that such a right was even excluded by the statute, and the statute thereby made a limitation upon the common law right to make by-laws. So, while the right to make by-laws must be considered as given by the statute, and that no such right is given except by the statute, still the right is apparently as broad as at common law, but is vested in the managers instead of the stockholders. As we understand it, our Supreme Court has virtually so ruled in Manufacturers Building Co. v. Landay, 219 Ill. 168.

Our statute also provides: "In all elections for directors or managers of corporations organized under this Act, every subscriber shall have the right to vote in person or by proxy, for the number of shares owned or subscribed by him, for as many persons as there are directors or managers to be elected, * * * and such directors or managers shall not be elected in any other manner." Sec. 3, Chap. 32, Hurd's Stat. 1909. Appellees insist that this provision of the statute is violated by the said by-law, and for that reason should be declared void. We do not think that this position is tenable. The right of the stockholders to vote their stock for directors is not taken away by this by-law. The only limitation placed upon the right to vote by this by-law, is that they must vote for persons qualified to hold the office of director. The same limitation may be said to be placed upon every qualified voter in Illinois in all State and municipal elections for State and municipal officers, wherein qualifications for officers are specified by our statutes or ordinances. The statute in the case in hand has delegated to the directors the right to prescribe the qualifications of directors for this corporation. "Votes cast for a person not eligible to the office cannot elect him and make

him even a *de facto* director, and he may be ousted by legal proceedings." Thompson on Corp., Secs. 1121 and 1123, (2nd Ed.), and cases there cited.

We are also unable to agree with appellees' contention that this by-law is unreasonable or against any public law or public policy of this State. It is true that the question of whether or not a by-law of a private corporation is void because it is unreasonable, is a question of law for the court. This law, however, has its limitations. Where the reasonableness of a by-law is a mere matter of judgment, and one upon which reasonable minds must necessarily differ, a court would not be warranted in substituting its judgment instead of the judgment of those who are authorized to make by-laws and who have exercised their authority. The rule is well expressed in Thompson on Corporations, Sec. 1002 (2nd Ed.) in this language: "Before a court will declare a by-law unreasonable, its unreasonableness must clearly appear; and in such cases the courts will not look closely into mere matters of judgment, where there may be a reasonable difference of opinion." See also Green v. Board of Trade, 174 Ill. 585. It is now usual for the statutes in the several states of this country to prescribe the qualifications of directors of private corporations that they shall be the owners of stock in the corporation, and to name the number or amount of stock for such qualification. This qualification is generally looked upon not only as reasonable, but as beneficial to the corporation and to those who deal with it. As to the other portion of the by-law, that he shall not be directly or indirectly interested as a stockholder in any other like firm, company or association, or the immediate member of the family of such stockholder, we think that the ruling of the court in the case of Cross v. R. R. Co., 37 West Va. 342, and what was said by the court therein, is very much in point here. The by-law of the railroad company provided that no person who was attorney against the company, should be

eligible as a director. The court in its opinion in that case said: "We think it within the power of the stockholders to pass it. * * * A person cannot serve two hostile and adverse masters without detriment to one of them. A judge cannot be impartial if personally interested in the cause. No more can a director. Human nature is too weak for this. Take whatever statute provision you please giving power to stockholders to choose directors, and in none will you find any express prohibition against a discretion to select directors having the company's interest at heart, and it would simply be going far to deny by mere implication the existence of such a salutary power." The by-law in that case was passed by the stockholders under a statute giving them the power to pass by-laws in language very similar to the language of our statute now in question. The chief difference is that the power in our state is delegated to the directors or managers instead of the stockholders. What difference can that make? In either case the legal agents of the company were given the power and exercised it. In the case now in hand the stockholders ratified the action of the board, and while in our judgment it added no validity to the by-law, because the power was solely in the directors, yet, if it be argued that such power belonged to the stockholders, their ratification of the by-law was the equivalent of passing the by-law, in considering its validity. The People v. The S. B. C. Mfg. Co., 82 Ill. 457; Cyclopedia of Law and Procedure, Vol. 10, 1073.

If the by-law is to be held reasonable in disqualifying a stockholder in a competing company from being a director, the same reasoning would apply to disqualify the wife and immediate member of the family of such stockholder, on account of the supposed interest of the wife in her husband's affairs, and his supposed influence over her. It is perhaps true that such stockholders ought not to be condemned as

selfish and dangerous to the best interest of the corporation until tried and tested. So it is also true that we cannot condemn as selfish and dangerous and unreasonable, the action of the board in passing the by-law. The strife over the matter of control in this corporation as in many others is perhaps carried on not altogether in the spirit of brotherly love and affection. The only test that we can apply is as to whether or not the action of the board is authorized and sanctioned by law. We think it is, and that we are not in a position to say, on a mere matter of demurrer to the said plea, that the by-law was passed for the fraudulent purpose of perpetuating in office the board of directors that passed it. Such may or may not be the tendency of it. So might it be if the same power was lodged in the stockholders, for often it happens that one or two stockholders own stock enough to control the election of directors. We have examined all the authorities cited by appellees to the effect that directors in a corporation cannot make by-laws and cannot prescribe the qualifications of directors. The answer to all these authorities is that they were cases wherein the statutes of the particular states wherein those rulings were made, either expressly provided that this authority belonged to the stockholders, or else they made no provisions on the question. In either such case the directors have no power to make by-laws or prescribe qualifications for future directors. They are not applicable in this case which is governed by an express statute.

For the reasons indicated the judgment of the lower court is reversed and the cause remanded, with directions to overrule the demurrer to respondents' plea, and to further proceed with the cause.

*Reversed and remanded.*