**H. E. Steinweg, Defendant in Error, v. Antiseptol Liquid Soap Company, Plaintiff in Error.**

**Gen. No. 16,151.**

CORPORATIONS—*how by-laws cannot be amended.* Stockholders of a corporation have no power to amend its by-laws adopted by its board of directors.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of facts. Opinion filed March 14, 1912.

CRATTY BROS. & JARVIS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court for thirty-five dollars against the defendant. Plaintiff stated his claims as follows: "Plaintiff's claim is for director's fees at $5 per month".

Material facts are: Defendant is a corporation. There is evidence tending to show that at a regular annual meeting of the stockholders of said corporation held January 9, 1908, a resolution was adopted by said stockholders purporting to amend article 5, section 8

of its by-laws, said amendment reading as follows: "Each director except secretary and treasurer shall receive an attendance fee of $5 per month at its regular meeting." The by-law thus sought to be amended by the stockholders had been adopted at a meeting of the board of directors April 9, 1906, and was as follows:

"Sec. 8. Directors (as such) shall not receive any stated or fixed salary for their services, but may receive compensation for work actually done by resolution passed by a majority vote by ballot at any regular or special meeting of stockholders, such compensation to depend upon the directors being present at the opening of such regular or called meeting of directors and continuing present until adjournment."

The plaintiff testified that in the year 1908 he was a director of the corporation, and as such attended the regular meetings of the board of directors for the months of January, February and April of that year. He was not present at any March meeting apparently, but states that he was paid the fee for attendance in January, February and March. For the other nine monthly meetings of the board he received nothing and claims that there is due him $45, being $5 per month for each of nine monthly meetings of the board which he did not attend. He says he attempted to attend the meetings held in May, June and July of that year, but was not permitted to do so. There is other evidence to the effect that he did not attend or try to attend any but the June meeting. It appears further that at an adjourned special meeting of the stockholders of the corporation held May 1, 1908, resolutions had been adopted by said stockholders removing plaintiff from office as vice-president and also as a director. There is evidence tending to show that each of the other directors of the corporation who attended regular monthly meetings of the board of directors during the year 1908 claimed and was paid the sum of $5 for each of such regular meetings they attended.

It appears to be undisputed that the plaintiff had been paid $5 for attendance at each of the meetings of the directors which he actually attended. Section 8 of the by-laws of the Company regularly adopted by the board of directors and above quoted provided that directors should not receive any stated or fixed salary; but might receive compensation from the stockholders for work actually done, at meetings of the directors, when they were present at the opening of any such meeting and continued present until adjournment. Such compensation however could only be paid when so directed by resolution adopted at a regular or special meeting of stockholders, and no such resolution appears to have been adopted authorizing such payment to plaintiff nor could any under the by-laws properly be so adopted for any meetings which plaintiff did not attend at the opening and remain at until the close. There were no meetings which he attended other than the three for which it is admitted plaintiff has been fully paid.

It is true the stockholders seem to have undertaken to amend the by-laws and to provide by resolution of the stockholders that ''each director shall receive an attendance fee of $5 per month at'' regular meetings. This however was not such resolution as said section 8 of the by-laws provided for, and the stockholders had no authority to amend the by-laws in the manner they seem to have tried to do. The Manufacturers & Exhibition Building Co. v. Landay, 219 Ill. 168-177; Independent Brewing Association v. Klein, 135 Ill. App. 234-248. In the first of the two cases cited, the Landay case, the statute in reference to corporations is quoted (p. 173), wherein it is provided (Hurd's Stat. 1903, Sec. 6, p. 473) that ''The corporate powers shall be exercised by a board of directors or managers * * * and the directors or managers may adopt by-laws for the government of the officers and affairs of the Company;'' and it is said (p. 177): ''If the stock-

holders have no right to make by-laws why should they have any voice in amending them? The law charges the board of managers or directors with the duty of making the by-laws necessary for the proper conduct of the business of the corporation." In the second—the Klein case—it is said (p. 148): "The duties and powers of enacting by-laws of a corporation are entrusted by the statute to the directors. The concurrence of the stockholders is not needed and if procured adds no weight to their validity."

Whether the stockholders had the power to remove plaintiff from the office of director, as they undertook to do, we have no occasion to consider at this time in view of the conclusion that under the by-laws plaintiff is not entitled in any event to recover for the nine meetings he failed to attend at their beginning and to remain at to their end. We are of opinion that the Municipal Court erred in entering judgment in plaintiff's behalf, and deem it unnecessary therefore to consider in detail other alleged errors to which plaintiff's counsel have called our attention.

Inasmuch as the plaintiff is not entitled to recover under the evidence, the judgment of the Municipal Court will be reversed with finding of facts.

*Reversed with finding of facts.*