WESLEY SOMERS, Plaintiff-Appellee, *v.* AAA TEMPORARY SERVICES, INC. *et al.*, Defendants-Appellants—(MICHAELENE KAY, Defendant.)

(No. 55726;

First District—May 5, 1972.

*Rehearing denied June 6, 1972.*

Edward W. Barrett, of Chicago, (Crowley, Barrett & Karaba, of counsel,) for appellants.

Morris Sostrin, of Chicago, (Reinwald & Sostrin, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This case involves an action brought to declare invalid the action by the two sole shareholders of a corporation amending the corporate by-laws to reduce the number of directors from three to two. The plaintiff, Wesley Somers, was not a shareholder but was the third director whose position was eliminated by the change in the by-laws. The trial court entered judgment on the pleadings in favor of plaintiff. From that judgment the defendant corporation and Lillian Raimer, one of the shareholders, now appeal. Defendant Michaelene Kay, the other shareholder, did not file an appearance in the trial court nor is she prosecuting this appeal.

Defendant corporation, AAA Temporary Services, Inc., (hereinafter referred to as the "corporation") was incorporated under the laws of the State of Illinois on April 29, 1967, for the purpose of furnishing and supplying temporary stenographers, clerical, industrial and other forms of male and female help and assistance. Its issued and outstanding capital stock at the time plaintiff filed his action consisted of 50 shares of common stock. Twenty-five of these shares were owned by defendant Lillian Raimer, who was the president of the corporation; the remaining twenty-five shares were owned by defendant Michaelene Kay, who was the secretary and treasurer of the corporation. Plaintiff did not own any shares at the time he filed his action, nor had he ever owned any of the capital stock of the corporation.

The corporation's articles of incorporation provided that "The number of directors to be elected at the first meeting of the shareholders is three." It is undisputed that the first meeting of shareholders was held on May 2, 1967. The three directors elected at that meeting were Lillian Raimer, Michaelene Kay and Wesley Somers. The by-laws were adopted shortly after incorporation and provided in pertinent part that "Each director shall hold office until the annual meeting of shareholders, or until his successor shall have been elected and qualified." The by-laws also called for an annual meeting of the shareholders to be held on the second Monday of each year. The by-laws further provided that a

regular meeting of the board of directors would be held "* * * immediately after, and at the same place as the annual meeting of shareholders."

No annual meeting was held on the second Monday in 1968 nor at any time during 1968. The second Monday in 1969 was on January 13, 1969. On that date, defendant Lillian Raimer contends that she and Michaelene Kay, the sole shareholders of the corporation, signed a waiver of notice of the annual shareholders meeting. The meeting was then allegedly conducted for the purpose of, among other things, amending the by-laws of the corporation to reduce the number of directors from three to two. Thereupon, the by-laws were purportedly amended to provide that the "number of directors shall be two." The two shareholders then elected themselves as the two directors, signed a waiver of notice for the annual directors' meeting and conducted the directors' meeting.

Plaintiff denies that the annual shareholders' and directors' meetings for 1969 were actually convened or held on January 13, 1969. He further contends that the actions allegedly taken at the meetings by the two shareholders were not discussed until the last several days of January, 1969. Even if it is conceded that such meetings were held, it is appellee's contention that the resolutions adopted by the shareholders were unlawful and not within the power and authority of the shareholders. Accordingly, plaintiff brought an action to declare invalid the action by the shareholders reducing the number of directors from three to two. Upon his motion for judgment on the pleadings, the trial court declared the reduction of directors by the two shareholders to be illegal and void, found the correct number of directors of the corporation to be three not two and held that Wesley Somers is still a director of the corporation. Defendants Lillian Raimer and the corporation appeal from the trial court's judgment on the pleadings.

*Opinion*

Appellants urge that the principal question presented on appeal is simply whether the two sole shareholders of a close corporation may validly agree that the by-laws of the corporation be amended to reduce the number of directors from three to two and thereupon elect themselves as the two sole directors. We feel that this statement of the issue is somewhat misleading in view of the facts in this case. The question is not whether such an agreement can be made. At issue is whether the shareholders have the power to amend the by-laws where, as here, such power has not been reserved to the shareholders by the Articles of Incorporation.

■■ The Illinois Business Corporation Act provides that the number

of directors may be increased or decreased by amendment to the by-laws. (Ill. Rev. Stat. 1969, ch. 32, par. 157.34.) The Act further states that the power to amend the by-laws is "vested in the board of directors, unless reserved to the shareholders by the articles of incorporation." (Ill. Rev. Stat. 1969, ch. 32, par. 157.25.) The power to amend the by-laws of AAA Temporary Services, Inc. was not reserved to the shareholders by its Articles of Incorporation. Therefore, this power would rest with the directors. It is clear that the action of the shareholders, amending the by-laws to provide for two instead of three directors, was not in compliance with Section 25 of the Illinois Business Corporation Act. Since only the directors of a corporation have the statutory right to amend the by-laws, where such power has not been reserved to the shareholders, we sustain the trial court's holding that the amendment to the by-laws of the corporation at the January 13, 1969, meeting was a nullity. (In this regard, note that we accept the trial court's ruling to the effect that a meeting of shareholders was in fact convened and held on January 13, 1969.) *Manufacturers' Exhibition Bldg. Co. v. Landay* (1905), 219 Ill. 168, 176—178, 76 N.E. 146, 149; *Steinweg v. Antiseptol Liquid Soap Co.* (1912), 168 Ill.App. 479, 481—482; *Television Laboratories, Inc. v. Schwalm* (1960), 29 Ill.App.2d 292, 172 N.E.2d 639.

In spite of the language of Section 25 of the Illinois Business Corporation Act, appellants strongly urge that the action by the shareholders of the corporation should be allowed to stand because the corporation is a close one. As a matter of fact, appellants have constructed almost their entire argument around the framework of the Illinois Supreme Court's decision in the case of *Galler v. Galler* (1964), 32 Ill.2d 16, 203 N.E.2d 577. The principal thrust of the *Galler* decision is that, in the context of a particular fact situation, there is no reason for preventing those in control of a close corporation from reaching any agreements concerning the management of the corporation which are agreeable to all, though such agreements are not within the letter of the Business Corporation Act.

It is important to note, however, that the Supreme Court in *Galler* imposed limitations on the operation and use of this general rule for close corporations. First, the Court indicated that such agreements should be permitted only where no fraud or apparent injury would be worked upon the public, minority interests or creditors. Then, more directly in point to the instant case, the Court went on to caution that shareholder agreements which violate statutory language are not permitted. The Court said in its opinion:

"There is no reason why mature men should not be able to adapt the statutory form to the structure they want, so long as they do not en-

danger other stockholders, creditors or the public, *or violate a clearly mandatory provision of the corporation laws.*" (Emphasis added.)

■■ The *Galler* Court did not say that the Illinois Business Corporation Act may be disregarded in the case of a close corporation. Slight deviations from corporate norms may be permitted. However, action by the shareholders which is in direct contravention of the statute cannot be allowed. Appellant's contention that there is no conceivable way in which *Galler* can be distinguished from the instant case must, therefore, be rejected. The language of Section 25 of the Business Corporation Act is clearly mandatory regarding the amendment of the corporate by-laws. Accordingly, it is obvious to us that the holding in the *Galler* case gives no sanction to appellants to disregard the clear and unambiguous language of that section of the Act.

■■ Finally, the defendant Raimer in her answer questions the motives of plaintiff in bringing this action by alleging a conspiracy between Somers and defendant Kay. Raimer alleges that plaintiff is a close friend and business adviser of Kay. It is Raimer's contention that, in this capacity, Somers conspired with Kay to oust Raimer from her office as president and a director of the corporation by filing the instant complaint. Although plaintiff in his reply admitted that he was a close friend and adviser of Kay and worked part-time for her in a separate business venture, he denied any bad motives in instituting this suit. An examination of Illinois law on the question as to whether an alleged bad motive constitutes a valid legal defense reveals that our courts have consistently held that it does not. It is generally accepted that where the plaintiff asserts a valid cause of action, his motive in bringing the action is immaterial. A plaintiff's right of recovery is in no way barred by the motive which prompts him to bring the action. (See *Mexican Asphalt Co. v. Mexican Asphalt Paving Co.* (1895), 61 Ill.App. 354; *People v. Ittner* (1911), 165 Ill.App. 360.) Since plaintiff had a valid cause of action in this case, we find his motives in bringing the action to be immaterial.

. The judgment of the trial court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.