266 P.3d 470

Lisa **KOBASHIGAWA**, as Personal Representative of the Estate of William S. Kobashigawa, Deceased, and Earl Kobashigawa and Gail Pei, as Co–Trustees of the Margaret M. Kobashigawa Revocable Living Trust and as Assignees of Margaret M. Kobashigawa, Deceased, Plaintiffs–Appellants,

v.

Joseph M.K. **SILVA** and City and County of Honolulu, Defendants–Appellees,

and

John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Roe "Non–Profit" Corporations 1–10; and Roe Governmental Entities 1–10, Defendants.

No. 30639.

Intermediate Court of Appeals of Hawai'i.

Dec. 2, 2011.

---

Arthur Y. Park, John C. McLaren, Tyson T. Tamashiro (Park Park & Remillard), on the briefs, for Plaintiffs–Appellants.

Traci R. Morita, Deputy Corporation Counsel, City and County of Honolulu, on the briefs, for Defendant–Appellee.

FOLEY, PRESIDING J., LEONARD and REIFURTH, JJ.

Opinion of the Court by FOLEY, J.

Plaintiffs–Appellants Lisa Kobashigawa, as Personal Representative of the Estate of William S. Kobashigawa, Deceased, and Earl Kobashigawa and Gail Pei, as Co–Trustees of the Margaret M. Kobashigawa Revocable Living Trust and as Assignees of Margaret M. Kobashigawa, Deceased, (collectively, Kobashigawas) appeal from the Judgment Pursuant to Special Verdict filed on March 25, 2010 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendant–Appellee City and County of Honolulu (City) and against Kobashigawas on all counts in Kobashigawas' Second Amended Complaint.

On appeal, Kobashigawas contend:

(1) The circuit court erred in denying Kobashigawas' Motion in Limine No. 1 (MIL No. 1) and partially denying Kobashigawas' Motion in Limine No. 4 (MIL No. 4), as such denial permitted irrelevant and highly prejudicial evidence and argument on Kobashigawas' motive for bringing suit.

(2) The circuit court committed reversible error by allowing the admission of portions of the deposition testimony of Gina Bailey (Bailey), a witness to the accident, because her testimony contained irrelevant evidence that prejudiced the substantial rights of Kobashigawas and the fairness of the proceeding.

(3) The cautionary jury instruction given by the circuit court after the reading of Bailey's deposition constituted reversible er-

1. The Honorable Rom A. Trader presided.

ror because it misstated the law and prejudiced the substantial rights of Kobashigawas.

(4) The circuit court erred in allowing City, in closing argument, to comment on Kobashigawas' motive for bringing suit.

(5) The circuit court erred in filing a Judgment Pursuant to Special Verdict and partially granting City's Motion for Taxation of Costs because of the above-stated reversible error.

## I.

This case arises out of a collision on December 22, 2005 between a motor vehicle and William S. Kobashigawa (Mr. Kobashigawa), a pedestrian, that resulted in the death of Mr. Kobashigawa. Kobashigawas alleged that Mr. Kobashigawa was in a pedestrian crosswalk on Kamehameha Highway in Kaneohe, Hawai'i, when he was struck and killed by a truck driven by Joseph M.K. Silva (Silva).

Kobashigawas filed a Complaint against Silva on April 21, 2006. On March 5, 2007, Kobashigawas filed a First Amended Complaint, naming City as an additional defendant. Kobashigawas filed a Second Amended Complaint on March 18, 2008 against Silva and City, alleging negligence, negligent infliction of emotional distress, and loss of consortium. Kobashigawas' negligence claim against City included defective design and/or maintenance of Kamehameha Highway, including the pedestrian crosswalk and the surrounding trees, street signs and/or street lights at or near the crosswalk.

On September 21, 2009, Kobashigawas filed MIL No. 1, seeking to bar evidence and argument speculating on Kobashigawas' motives in filing suit, and MIL No. 4, objecting to, inter alia, City's designation of Bailey's deposition testimony. On October 5, 2009, the circuit court held a hearing on the motions in limine, at which time the court denied MIL No. 1 and denied in part MIL No. 4.

Kobashigawas reached a settlement with Silva in the fall of 2009. The circuit court dismissed Silva from the lawsuit with prejudice on October 9, 2009.

At trial, portions of Bailey's deposition testimony were read to the jury.

The jury returned a verdict on October 21, 2009, finding that City was not negligent for Mr. Kobashigawa's death. The circuit court entered the Judgment Pursuant to Special Verdict on March 25, 2010. On April 7, 2010, City filed a Motion for Taxation of Costs, which the circuit court granted in part and denied in part. Kobashigawas timely appealed.

## II.

### A. Motion in Limine

■ "The granting or denying of a motion in limine is reviewed for abuse of discretion." *Miyamoto v. Lum,* 104 Hawai'i 1, 7, 84 P.3d 509, 515 (2004) (internal quotation marks, citation, and ellipsis omitted). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.,* 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

### B. Jury Instructions

■ When jury instructions, or the omission thereof, are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

*Nelson v. Univ. of Hawai'i,* 97 Hawai'i 376, 386, 38 P.3d 95, 105 (2001) (internal quotation marks and citations omitted). "[E]ven the complete failure to object to a jury instruction does not prevent an appellate court from taking cognizance of the trial court's error if the error is plain and may result in a miscarriage of justice." *Montalvo v. Lapez,* 77 Hawai'i 282, 288, 884 P.2d 345, 351 (1994) (internal quotation marks and citation omitted).

## C. Plain Error

The plain error doctrine represents a departure from the normal rules of waiver that govern appellate review, and, as such, ... an appellate court should invoke the plain error doctrine in civil cases only when justice so requires. As such, the appellate court's discretion to address plain error is always to be exercised sparingly.

*Okada Trucking Co. v. Bd. of Water Supply,* 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (internal quotation marks, citations, and ellipsis in original omitted). In civil cases, the appellate court has taken into account three factors in deciding whether the court's discretionary power to notice plain error should be exercised: "(1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import." *Id.* (quoting *Montalvo,* 77 Hawai'i at 290, 884 P.2d at 353).

### III.

### A. The circuit court erred in giving the cautionary jury instruction regarding Bailey's deposition testimony.

 Kobashigawas correctly contend that the circuit court erred in issuing the cautionary jury instruction given both before the reading of Bailey's deposition testimony to the jury and shortly before closing argument. This error by the circuit court, combined with City's closing argument discussed *infra,* constitutes a reversible error by the court.

City argues that Kobashigawas did not object to this jury instruction at trial. "However, even the complete failure to object to a jury instruction does not prevent an appellate court from taking cognizance of the trial court's error if the error is plain and may result in a miscarriage of justice." *Montalvo,* 77 Hawai'i at 288, 884 P.2d at 351 (internal quotation marks and citation omitted). The Hawai'i Supreme Court held in *Montalvo* that it was plain and reversible error for a trial court not to issue a jury instruction on the definition of "legal cause" when that

phrase was a primary issue in the case. *Id.* at 292, 884 P.2d at 355.

As stated earlier,

[w]hen jury instructions, or the omission thereof, are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

*Nelson,* 97 Hawai'i at 386, 38 P.3d at 105.

 In the instant case, the circuit court instructed the jury as follows:

You have heard testimony from one witness about certain statements attributed to a Kobashigawa family member following Mr. Kobashigawa's death. Your consideration of this evidence is limited to determining the existence or absence of any possible bias, interest or motive, if any, by [Kobashigawas] in bringing this lawsuit and not for any other purpose.

The above instruction is an erroneous statement of the law. In bringing an action, the motives of the plaintiffs are immaterial absent bad faith. "So far as the law is concerned, if the plaintiff has made out a case on the facts, it is immaterial what [the] motive was." *Carter v. Ah So,* 12 Haw. 291, 302 (1899); *Karim v. Gunn,* 999 A.2d 888, 890 (D.C.2010) ("The motive of a party in bringing an action generally is immaterial to the question whether the action may be maintained." (Internal quotation marks and citation omitted.)); *Somers v. AAA Temp. Servs., Inc.,* 5 Ill.App.3d 931, 284 N.E.2d 462, 465 (1972) ("It is generally accepted that where the plaintiff asserts a valid cause of action, [plaintiff's] motive in bringing the action is immaterial.").

Appellate courts take into account three factors when deciding whether a court has committed plain error: "(1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the

issue is of great public import." *Montalvo*, 77 Hawai'i at 290, 884 P.2d at 353.

"The first factor is based on the tenet that an appellate court should not review an issue based upon an undeveloped factual record." *Id.* at 290–91, 884 P.2d at 353–54. In the instant case, it is undisputed that the circuit court issued the above-stated jury instruction, and, as such, the first *Montalvo* factor is satisfied. The *Montalvo* court held that under the second factor, it is the circuit court's "fundamental duty to properly instruct the jury on the law." *Id.* at 291, 884 P.2d at 354. As the instant case concerns the circuit court's failure to properly instruct the jury on the law, the second *Montalvo* factor is clearly satisfied. Finally, under the third factor, the *Montalvo* court held that preserving the integrity of the jury system is of "great public import." *Id.* The *Montalvo* court held that the circuit court's failure to properly instruct the jury on an essential element of the case satisfied this factor. *Id.* Likewise, in the instant case, the circuit court's incorrect statement of the law in its instruction to the jury satisfied the third *Montalvo* factor.

### B. In light of the improper jury instructions, the circuit court erred in allowing City to comment in its closing argument on Kobashigawas' motive for bringing suit.

■ Kobashigawas contend the circuit court erred in allowing City to comment in its closing argument on Kobashigawas' motive for bringing suit. At closing, City argued:

> [Bailey] told you in a day or so after the accident she got a call from Officer Lisa Reed to call one of the family members to talk about the accident. [Bailey] made that call, and the first words that [Bailey] told you that she heard was will you testify when we sue? [Bailey] obviously was appalled, recoiled and hung up the telephone just as her deposition testimony told you. Why hang up? It's obvious, she recoiled from the notion of looking to file a lawsuit

within a day or so after this accident, not asking her about did my father suffer, did my father have any last words, what can you tell me, was he at peace, nothing like that?

> \* \* \*

> ... Why is the City in this lawsuit? To collect monetary damages, but from whom do they seek this compensation? Well, of course, it's from the City. With this in mind, with those facts in mind, consider this, Dr. Hayes [2] was hired to go to the scene to investigate it six days after the accident. Counsel was certainly hired earlier than six days after the accident to take him out there looks like. And [Bailey] says she spoke to a family member within a day or so after the accident who wanted her to testify in their lawsuit. Is this case simply about getting a collectable monetary award from the City when it was [Silva] who caused the accident?

The standard of review for jury instructions on appeal looks to whether the instructions are prejudicially insufficient or misleading, and "[e]rroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial." *Nelson*, 97 Hawai'i at 386, 38 P.3d at 105 (internal quotation marks and citation omitted).

In *Kakligian v. Henry Ford Hosp.*, 48 Mich.App. 325, 210 N.W.2d 463, 465 (1973), the Court of Appeals of Michigan held that in conjunction with the lower court's failure to properly instruct the jury, a defense counsel's reference to the plaintiff's motive in bringing suit was grounds for a new trial. The court stated: "Why the suit was brought is irrelevant. We conclude that defendants' attorney injected the matter of revenge for the sole purpose of appealing to the jury's bias and prejudice. Plaintiff is entitled to a new trial." *Id.*

Because an improper jury instruction requires the error to be read in light of the record as a whole and City's closing argu-

---

2. Dr. Hayes was Kobashigawas' expert witness in the field of physics with expertise in the area of lighting.

ment added to the harm caused by the circuit court's erroneous jury instruction, the circuit court erred in allowing City to comment in its closing argument on the Kobashigawas' motives.

## IV.

■ The Judgment Pursuant to Special Verdict filed on March 25, 2010 is hereby vacated, and this case is remanded for a new trial. We decline to address Kobashigawas'

other points of error as they are moot.[3] *See Weinberg v. Dickson–Weinberg,* 123 Hawai'i 68, 80, 229 P.3d 1133, 1145 (2010).

---

3. We do note, however, that "[w]here the motion in limine is denied and during trial, opposing counsel attempts to ask the questions challenged in the motion or offer the prejudicial evidence covered therein, a proper objection at that time is necessary to preserve the error for appellate review." *Lussier v. Mau–Van Dev., Inc.,* 4 Haw. App. 359, 393, 667 P.2d 804, 826 (1983). Kobashigawas failed to so object at trial.