<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000038
10-MAY-2021
11:25 AM
Dkt. 85 MO**</span>

NO. CAAP-17-0000038


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CLOSE CONSTRUCTION, INC.,
Plaintiff-Counterclaim Defendant-Appellant,
v.
SANDWICH ISLES COMMUNICATIONS, INC.,
Defendant-Counterclaimant-Appellee,
and
DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC131001717)


**MEMORANDUM OPINION**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Counterclaim Defendant-Appellant **Close Construction**, Inc. appeals from the **"Amended Final Judgment"** in favor of Defendant-Counterclaimant-Appellee **Sandwich Isles** Communications, Inc. entered by the Circuit Court of the First Circuit on October 5, 2018.[1] For the reasons explained below, we vacate the Amended Final Judgment and the "Findings of Fact and Conclusions of Law" (**FOF & COL**) entered on July 18, 2016, and remand for a new trial and further proceedings not inconsistent with this memorandum opinion.

---

[1] The Honorable Karl K. Sakamoto entered the orders and presided over the jury-waived trial at issue in this appeal. Judge Sakamoto retired in December 2016. The Honorable Bert I. Ayabe signed the Amended Final Judgment.

## BACKGROUND

After a jury-waived trial, the circuit court entered the FOF & COL.  Close Construction did not challenge the circuit court's findings of fact; accordingly, they are binding on appeal.  Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002) (holding that an appellate court cannot sua sponte revisit a finding of fact that neither party has challenged on appeal).

The following numbered findings of fact have been rearranged for narrative purposes:

1.      [Close Construction] is a Hawaii corporation[.]

2.      [Close Construction] is a general contractor[.]

5.      . . . [Close Construction] conducted concrete crushing and recycling operations[.]

6.      The concrete was crushed and recycled into aggregates[.]

8.      [Sandwich Isles] is a telecommunications company, engaged in the business of providing telecommunication service to Hawaiian homelands.

10.     Since 2001, [Sandwich Isles] has owned an approximately 162[-]acre parcel of land in Mililani, Hawaii, located at 77-808 Kamehameha Highway ("Subject Parcel").

13.     On or about November 17, 2009, [Close Construction] and [Sandwich Isles] entered into a valid oral lease contract ("Contract"), for a period of six months, wherein [Close Construction] was entitled to use the portion of the Subject Parcel [d]epicted in [Sandwich Isles'] Exhibit A-2 ("Operation Site") to crush concrete, and in exchange would perform favors [including creating a building pad, creating a roadway, and allowing the use of machinery] for [Sandwich Isles] and allow [Sandwich Isles] to take an unspecified amount of aggregate.  There were no other terms of the Contract.

14.     The Contract contained no provision requiring the payment of monetary rent in exchange for use of the Operation Site.

15.     The Contract contained no provision regarding the ownership of any aggregate produced on the Operation Site.

16.     Upon the expiration of the oral Contract on or about May 17, 2010, [Close Construction] was permitted by [Sandwich Isles] to continue occupying and operating at the Operation Site.

2

17.     No other contractual terms were established for the use of the Operation Site after the expiration of the oral Contract.

18.     The parties did not establish whether the continual use of aggregate and the performing of "favors" continued to be conditions of using the Operation Site after the expiration of the oral Contract.

24.     Between November 2009 and May 2013, [Close Construction] stored equipment and materials on the [Sandwich Isles] Property, and conducted a concrete crushing and recycling operation on the Subject Property.

30.     [Close Construction] was instructed by [Sandwich Isles] to remove its equipment from the Subject Property and did in fact do so.

29.     In May 2013, [Close Construction] vacated the Subject Property.

22.     [Close Construction] admitted that the use of the Operation Site would require [Close Construction], upon vacating the Subject Property, to return the Operation Site back to the condition that the site was in prior to the time that [Close Construction] began occupying the Subject Property.

31.     [Close Construction] was prevented by [Sandwich Isles] from removing any aggregate from the Subject Property.  Five piles of aggregate created by [Close Construction] remain on the Subject Property.  See [Sandwich Isles'] Exhibit K at 2.

23.     [Close Construction] never cleaned up the Operation Site and did not return the site to the condition that it was in prior to the time [Close Construction] began occupying the Subject Property.


**PROCEDURAL HISTORY**

On June 14, 2013, Close Construction filed a complaint against Sandwich Isles.  The complaint alleged causes of action for: **(1)** replevin;[2] **(2)** breach of contract; and **(3)** conversion.

On April 2, 2014, Sandwich Isles filed a counterclaim asserting causes of action for: **(1)** breach of contract; **(2)** breach of implied covenant of good faith and fair dealing; **(3)** unjust enrichment; and **(4)** a declaration that Sandwich Isles

_____

[2]     "An action in replevin seeks return of specific personal property. . . . HRS § 654-1(a) codifies replevin into statute." Kahawaiolaa v. Hawaiian Sun Invs., Inc., 146 Hawaiʻi 424, 434, 463 P.3d 1081, 1091 (2020)  (citing HRS § 654-1(a) ("An action may be brought to secure the immediate possession of personal property in any court of competent jurisdiction by filing a verified complaint" that meets certain requirements.)).  Close Construction's complaint was not verified.

was "the lawful owner of the aggregate material located on its property."

A jury-waived trial was set for April 25, 2016. On March 3, 2016 — after expiration of all pretrial deadlines except the deadline for filing dispositive motions — Sandwich Isles filed a motion for partial summary judgment. The circuit court granted summary judgment in favor of Sandwich Isles on Close Construction's claim for conversion and punitive damages; all other requested relief was denied.

On April 12, 2016, Sandwich Isles filed three motions in limine. The two at issue in this appeal sought to bar Close Construction from offering: **(1)** evidence of current or historical prices of aggregate, or the dimensions of the aggregate stockpiles left on the **Subject Property**; and **(2)** any expert testimony relating to aggregate. The circuit court granted each of the motions.

Trial was held on May 23, 2016. Because the circuit court previously granted partial summary judgment in favor of Sandwich Isles on Close Construction's claim for conversion,[3] only the following claims were tried: Close Construction's claims for replevin and breach of contract; and Sandwich Isles' counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and a declaration that Sandwich Isles was "the lawful owner of the aggregate material located on its property."

The circuit court entered the FOF & COL on July 18, 2016. On Close Construction's replevin claim, the circuit court concluded that Close Construction was entitled to possession of the five piles of aggregate remaining on the Subject Property, "less one-fifteenth (1/15) of any useable and saleable aggregate contained within any of the aggregate stockpiles" because "[i]t

---

[3]     The circuit court also granted partial summary judgment in favor of Sandwich Isles on Close Construction's "claim" for punitive damages, but punitive damages are incidental to Close Construction's tort claim for conversion; it is not an independent cause of action. Ross v. Stouffer Hotel Co. (Hawaiʻi), 76 Hawaiʻi 454, 466, 879 P.2d 1037, 1049 (1994) (citing Kang v. Harrington, 59 Haw. 652, 660, 587 P.2d 285, 291 (1978)).

would be unjust to allow [Close Construction] to retain the benefit it garnered from the use of the Operation Site for approximately three years without affording benefit to [Sandwich Isles]." This conclusion also disposed of Sandwich Isles' counterclaims for unjust enrichment and declaratory relief as to ownership of the aggregate.

On the parties' competing breach of contract claims, the circuit court concluded that neither party breached the six-month oral **Contract**, and that neither party had established the existence of a contract for Close Construction's continued use of the **Operation Site** after the Contract expired.

On Sandwich Isles' counterclaim for breach of implied covenant of good faith and fair dealing, the circuit court concluded that Sandwich Isles failed to prove that Close Construction breached the implied covenant of good faith and fair dealing arising from the six-month oral Contract "or any agreement arising after the expiration of the Contract."[4]

As stated above, the circuit court's resolution of Close Construction's replevin claim also resolved Sandwich Isles' counterclaims for unjust enrichment and declaratory relief. Nevertheless, the FOF & COL included a section titled "[Sandwich Isles'] Equitable Claims." The circuit court concluded, even though Sandwich Isles had not pleaded a counterclaim for trespass or prayed for a mandatory injunction:[5]

> 14. "A continuing trespass requires an ongoing invasion of possession of property, and exists for the entire time during which one wrongfully remains on the property. A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing that the actor or a predecessor in legal interest has placed on the land and failed to remove." 75 Am. Jur. 2d Trespass § 19.
>
> 15. "Injunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or the

---

[4] Sandwich Isles has not appealed from the circuit court's ruling on its claim against Close Construction for bad faith.

[5] "[A] mandatory injunction requires affirmative action concerning the undoing or doing of an act." Wahba, LLC v. USRP (Don), LLC, 106 Hawai'i 466, 472, 106 P.3d 1109, 1115 (2005) (citation omitted).

necessity of a multiplicity of actions to obtain redress." 32 A.L.R. 463 (Originally published in 1924).

16. [Close Construction]'s failure to return the [S]ubject [P]roperty to its original condition prior to occupying the property as required by relevant legal standards and applicable law constitutes a continuing trespass.

17. Accordingly, [Sandwich Isles] has clearly established that [Close Construction] is responsible for cleaning up the [S]ubject [P]roperty and is enjoined from its continual trespass of the Subject Property.

On the issue of cleaning up the Subject Property, the circuit court made the following findings of fact (which are actually mixed findings of fact and conclusions of law):

32. [Close Construction] is entitled to, and responsible for removing these five remaining piles of aggregate from the Subject Property, as well as returning the Operation Site to the condition that it was in prior to [Close Construction] occupying the premises.

. . . .

33. The requirement for [Close Construction] to "clean up" the [S]ubject [P]roperty upon vacating the [S]ubject [P]roperty required [Close Construction] to return the property to its condition prior to the occupancy of the Subject Property, as required by any relevant legal standards and applicable law.

34. The requirement for [Close Construction] to "clean up" the [S]ubject [P]roperty consisted of the following terms:

i. The area required to be cleaned up is [Close Construction]'s Operation Site, which is the dirt area Depicted in [Sandwich Isles'] Exhibit A-2.

ii. Pursuant to [Close Construction]'s admission that it spilled oil within the Operation Site, cleanup includes all oil spills within the Operation Site.

iii. Pursuant to the expert report of Gregory S. Perry, cleanup of the Operation Site includes "55-gallon metal drums" located on the Operation Site. See [Sandwich Isles'] Exhibit K at 2.

iv. Pursuant to the expert report of Gregory S. Perry, cleanup of the Operation Site includes "various asphalt pieces observed on surface" located on the Operation Site. See [Sandwich Isles'] Exhibit K at 2.

v.      Cleanup includes "solid metal waste" and PVC debris located on the Operation Site. See [Sandwich Isles'] Exhibit K at 2.

vi.     Cleanup includes any tree logs or debris on the [S]ubject [P]roperty that were created when trees were felled to clear the Operation Site.

vii.    Cleanup does not include any tree trunks or stumps remaining in the ground that are the remnants of any felled trees in the Operation Site.

viii.   Pursuant to the uncontroverted testimony of [Close Construction] stating that [Close Construction] did not place any tires on the [S]ubject [P]roperty, cleanup of the Operation Site does not include any tires found in the Operation Site.

ix.     [Sandwich Isles] failed to test, determine, or otherwise establish the contents of any metal waste or PVC debris in the Operation Site.

x.      [Sandwich Isles] further failed to establish the depth and volume of any metal waste or PVC debris.

This appeal followed.

## POINTS OF ERROR

Close Construction contends that the circuit court erred by: **(1)** "granting a partial summary judgment to Sandwich Isles on the issues of conversion and punitive damages, when there were triable issues of fact and law"; **(2)** "granting a motion in limine which barred Close Construction from testifying as to the value of the property unlawfully detained by Close Construction" [sic, should probably be Sandwich Isles]; **(3)** "issuing an injunction based on a theory (continuing trespass) which had not been pleaded"; **(4)** "issuing a mandatory injunction which had not been requested"; **(5)** "issuing a mandatory injunction when there was no finding that monetary damages, if properly proved, would not have been an adequate remedy"; and **(6)** "issuing a mandatory injunction without any standards or means of determining adequacy, where monetary damages, if properly proved, would have been an adequate remedy[.]"

7

Our review of this appeal was complicated by Close Construction's failure to comply with Rule 28(b)(4)(C) of the Hawai'i Rules of Appellate Procedure (**HRAP**). That rule provides, in relevant part:

> **(b)    Opening brief**. . . . [T]he appellant shall file an opening brief, containing the following sections in the order here indicated:
>
> . . . .
>
> (4)    A concise statement of the points of error set forth in separately numbered paragraphs. . . . Where applicable, each point shall also include the following:
>
> . . . .
>
> (C)    when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]

The Amended Final Judgment was entered after a jury-waived trial, based on the circuit court's FOF & COL. Close Construction's points of error nos. 3-6 challenge the mandatory injunction issued by the circuit court, but Close Construction failed to quote the findings of fact or conclusions of law that Close Construction contends were erroneous. The FOF & COL are appended to the opening brief, but the statement of the points of error does not reference which findings or conclusions Close Construction contends were erroneous. Nevertheless, because Hawai'i appellate courts adhere to the policy of affording litigants the opportunity to have their cases heard on the merits where possible, Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (citations omitted), we respond to what we discern are Close Construction's arguments concerning the mandatory injunction.

## STANDARDS OF REVIEW

### Summary Judgment

An appellate court reviews a trial court's grant or denial of summary judgment de novo using the same standard applied by the trial court. Nozawa v. Operating Engineers Local

Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id.

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198. Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Id. (citations omitted). The evidence must be viewed in the light most favorable to the non-moving party. Id.

### Motion in Limine

> The granting or denying of a motion in limine is reviewed for abuse of discretion. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Kobashigawa v. Silva, 126 Hawaiʻi 62, 64, 266 P.3d 470, 472 (App. 2011) (cleaned up).

### Conclusions of Law

We review conclusions of law under the "right/wrong" standard. Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the trial court's conclusions are dependent on the facts

9

and circumstances of each individual case. Id. A mixed finding and conclusion is clearly erroneous when the record lacks substantial evidence to support it or when, despite some evidence to support it, we are left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed. Birano v. State, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018). "[S]ubstantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." In re Grievance Arbitration Between State of Hawaiʻi Organization of Police Officers and County of Kauaʻi, 135 Hawaiʻi 456, 462, 353 P.3d 998, 1004 (2015) (citations omitted).

### Injunctive Relief

"This court reviews a circuit court's exercise of its equitable powers under the 'abuse of discretion' standard." Porter v. Hu, 116 Hawaiʻi 42, 54, 169 P.3d 994, 1006 (App. 2007) (citation omitted).

> The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant.

In re FG, 142 Hawaiʻi 497, 503, 421 P.3d 1267, 1273 (2018) (cleaned up).

### JURISDICTION

Before addressing the merits of Close Construction's points of error we must address Close Construction's argument — made for the first time in its reply brief — that the mandatory injunction to clean up the Operation Site is moot. Close Construction argues that the United States initiated a mortgage foreclosure proceeding against Sandwich Isles alleging:

> 89. In the Original Mortgage (at Granting Clause), [Sandwich Isles] granted the United States and the Rural Telephone Bank a first priority lien on **all of [Sandwich Isles'] current and future real property**.

10

. . . .

> 163.  To pay [Sandwich Isles'] debts to the United States under the RUS Notes and the RTB Notes, after [Sandwich Isles'] default, **the United States is entitled to have the Mortgaged Property sold and to foreclose interests of others in this property**.  See [sic] 28 U.S.C. § 2410(c) ("In any case where the debt owing the United States is due, the United States may ask, by way of affirmative relief, for the foreclosure of its own lien")[.]

Close Construction contends: "until it is clear who has legal and beneficial title to the property, the Court should refrain from entering or affirming any order mandating that Close Construction enter onto and conduct activities upon the Property."

Ordinarily we will not consider an argument raised for the first time in an appellant's reply brief.  Ass'n of Apartment Owners of Newton Meadows v. Venture 15, Inc., 115 Hawaiʻi 232, 281 n.39, 167 P.3d 225, 274 n.39 (2007) (citing In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994) (holding that arguments raised for the first time in the reply brief on appeal were deemed waived)).  However, "mootness is an issue of subject matter jurisdiction."  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4, 193 P.3d 839, 842 (2008). Every court must determine "as a threshold matter whether it has jurisdiction to decide the issue presented."  Pele Def. Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 67, 881 P.2d 1210, 1213 (1994) (citation omitted).

As we explain below, the circuit court erred by issuing the injunction mandating that Close Construction clean up the Operation Site.  The resolution of the other issues on appeal does not depend upon whether Sandwich Isles continues to own the Subject Property.  The points raised in this appeal are not moot.

## DISCUSSION

1. **The circuit court erred by granting partial summary judgment to Sandwich Isles on Close Construction's claim for conversion and punitive damages.**

Close Construction contends that the circuit court erred by "granting a partial summary judgment to Sandwich Isles

11

on the issues of conversion and punitive damages, when there were triable issues of fact and law."

Sandwich Isles' motion argued that conversion is a tort, Close Construction had a contract with Sandwich Isles, and where parties have a contract, Hawai'i law "will not allow a recovery in tort[] . . . in the absence of conduct that (1) violates a duty that is independently recognized by principles of tort law and (2) transcends the breach of the contract." Sandwich Isles quoted Francis v. Lee Enters., Inc., 89 Hawai'i 234, 244, 971 P.2d 707, 717 (1999), and cited Hawaii Revised Statutes (**HRS**) § 663-1.2.[6]

In opposition, Close Construction submitted a declaration from its president, James N. Close. The declaration stated, among other things:

> 6.    In or around November 17, 2009, Close Construction and [Sandwich Isles] entered into an oral agreement. I personally negotiated this agreement with Albert Hee of Sandwich Isles.
>
> 7.    This was a very informal agreement. The only terms were that Close Construction would be permitted to store its concrete crushing and recycling equipment on Sandwich Isles' property, and use it to continue its concrete recycling operations. The operations essentially consisted of crushing concrete to produce aggregate, for use in further construction projects. In exchange, Close Construction would perform services for Sandwich Isles within the scope of its licenses, such as moving earth, grading areas and cutting roads, as well as providing aggregate upon request. Close Construction performed numerous such valuable services as set forth in [Close Construction]'s Response to Sandwich Isles' First Request for Answers to Interrogatories, Exhibit 1 hereto, which is incorporated by reference herein.
>
> 8.    There were no other terms agreed upon.
>
> . . . .

---

[6]    HRS § 663-1.2 (Supp. 2015) provides:

No person may recover damages, including punitive damages, in tort for a breach of a contract in the absence of conduct that:

    (1)    Violated a duty that is independently recognized by principles of tort law; and

    (2)    Transcended the breach of the contract.

10.    There was no express time restriction on how long Close Construction could remain on the property.  There were no restrictions on Close Construction's use of the aggregate.  There was no agreement that the aggregate was the property of Sandwich Isles.  To the contrary, it was always understood and agreed that the materials and equipment being stored on the Sandwich Isles Property were and would remain the property of Close Construction, and could be removed by Close Construction from the Sandwich Isles property for use by Close Construction at any time.

. . . .

23.    It was always the intention of Close Construction to remove all of the aggregate and remediate the area when we left the site.  This is a type of work for which Close Construction is licensed and has experience.

24.    However, when Sandwich Isles required Close Construction to leave its property, Sandwich Isles refused to permit Close Construction to remove the aggregate or to return to the site.  The actions of Sandwich Isles made it impossible for Close Construction to take any further action at the site.

Sandwich Isles did not submit a declaration or otherwise controvert the facts alleged by Mr. Close.

The evidence presented by Mr. Close's declaration, viewed in the light most favorable to Close Construction, Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198, could establish that ownership of the aggregate by Sandwich Isles was not a term of the oral Contract.  If ownership of the aggregate was not a term of the Contract, Sandwich Isles' alleged conversion of the aggregate would have "violate[d] a duty that is independently recognized by principles of tort law" and "transcend[ed] the [alleged] breach of the [C]ontract."  Francis, 89 Hawaiʻi at 244, 971 P.2d at 717; see Freddy Nobriga Enters., Inc. v. State, 129 Hawaiʻi 123, 129, 295 P.3d 993, 999 (App. 2013) ("Conversion encompasses the following acts: (1) A taking from the owner without [the owner's] consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand.") (cleaned up).  Accordingly, we hold that the circuit court erred by granting partial summary judgment to Sandwich Isles on Close Construction's claim for conversion and punitive damages.

2.    **The circuit court did not abuse its discretion by granting Sandwich Isles' motions in limine.**

One of Sandwich Isles' motions in limine sought to preclude Close Construction from offering "any evidence relating to the current or historical prices of the aggregate, or the dimensions of the aggregate stockpiles" located on the Subject Property.  In support of that motion, Sandwich Isles submitted a copy of its request for production of "Any and all documents relied upon in calculating damages claimed in your Complaint." After incorporating by reference some blanket objections, Close Construction responded that it would "produce documents responsive to the non-objectionable portions of this request in its possession, custody or control."  But by the discovery cutoff date, Close Construction had produced no documents upon which it relied to calculate its alleged damages for Sandwich Isles' alleged conversion of the aggregate.

Sandwich Isles also served interrogatories asking for "the calculations used in alleging the value of the aggregate as stated in . . . the complaint."  Close Construction responded: "Calculations are based on current market value for the materials that were confiscated.  S4C, 3Bfine and Select Borrow.  See photos of stockpiled material[.]"  Close Construction's response included photographs captioned "350 to 400 tons" of crushed select borrow, "600 tons" of recycled 3B, and "800 tons" and "3200 tons" of recycled S4C.  The response did not, however, state what the "current market value" was for any of the material, nor were any price sheets, invoices, receipts, or similar documentation appended to the interrogatory answers.[7]

_____

[7]    Rule 33 of the Hawaiʻi Rules of Civil Procedure provides, in relevant part:

> **(d) Option to Produce Business Records.**  Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a suffi-
> (continued...)

Nor did Close Construction disclose any calculation of damages by Mr. Close based upon the alleged quantities and market values of the aggregate.

Under these circumstances the circuit court did not abuse its discretion by precluding Close Construction from offering at trial evidence of its damages that had been requested by Sandwich Isles in discovery, but not disclosed by Close Construction before the discovery cutoff. See Glover v. Grace Pac. Corp., 86 Hawaiʻi 154, 163-64, 948 P.2d 575, 584-85 (App. 1997).

Another of Sandwich Isles' motions in limine sought to bar Close Construction from offering "any expert testimony related to aggregate." Close Construction does not dispute that it did not name expert witnesses, and did not serve expert reports, before the applicable deadlines. Instead, Close Construction argues that Mr. Close, as the president and sole shareholder of Close Construction, should have been allowed to testify about his opinion of the value of the aggregate left on the Subject Property.

Close Construction correctly contends that the Hawaiʻi Supreme Court "has held that an owner, by virtue of [their] ownership and consequent familiarity with the land and real estate market, is generally held to be qualified to give [their] opinion as to the value of [their] land." Krog v. Koahou, No. SCWC-12-0000315, 2014 WL 813038, at *4 (Haw. Feb. 28, 2014) (mem.) (cleaned up). In support of that proposition, however, the supreme court cited City & Cty. of Honolulu v. Int'l Air Serv. Co., 63 Haw. 322, 628 P.2d 192 (1981). Krog, 2014 WL 813038, at *4 (citing Int'l Air Serv. Co., 63 Haw. at 332, 628 P.2d at 200). In Int'l Air Serv. Co., the supreme court explained:

_____

7    (...continued)
cient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

> Most courts presume an owner is familiar with [their] land and the market therefor and thus is competent to state an opinion of its value. But they have been reluctant to expand this presumption of knowledge that lends probative worth to an individual owner's opinion to include a corporate owner and its officers. And a majority of courts hold that **an officer of a corporate owner is not qualified to testify as to value unless [the officer] is an expert.** We see no cogent reason to part company with the majority on this issue.

Id. at 332-33, 628 P.2d at 200 (cleaned up) (emphasis added).

Mr. Close, the sole shareholder of Close Construction, owns the corporation; he does not own the aggregate owned by the corporation. Thus, although Mr. Close might be qualified to give an opinion about the value of his shares in Close Construction, he would only be qualified to opine about the value of the aggregate if he was an expert in valuing aggregate. He claimed to be a licensed contractor with a cement concrete sub-specialty, who has dealt with aggregates for twenty years. While his "knowledge, skill, experience, training, or education" may have qualified him to express an opinion about the value of the aggregate under Rule 702 of the Hawaii Rules of Evidence, he was not identified as an expert witness. Close Construction did not identify any expert witness to testify about the value of the aggregate it was prevented from retrieving from the Subject Property by Sandwich Isles. Accordingly, the circuit court did not err in granting Sandwich Isles' motion in limine. See Swink v. Cooper, 77 Hawaiʻi 209, 214, 881 P.2d 1277, 1282 (App. 1994) (holding that circuit court did not abuse its discretion in precluding expert witness from testifying about opinion not disclosed in discovery).

3. **The circuit court erred by entering irreconcilable findings of fact and conclusions of law, and by awarding equitable relief that had not been requested and against which Close Construction had no notice or opportunity to defend.**

The circuit court made findings of fact and conclusions of law that were inconsistent with each other, and which cannot be reconciled with the grant of mandatory injunctive relief to Sandwich Isles. There was no dispute that five piles of

16

aggregate (and some other things) remained on the Subject Property after Close Construction vacated the Operation Site. The circuit court's conclusion that 14/15 of the aggregate belonged to Close Construction, and that the presence of that aggregate on Sandwich Isles' property constituted a continuing trespass that Close Construction was required to remove, cannot be reconciled with the circuit court's finding that Sandwich Isles <u>prevented</u> Close Construction "from removing any aggregate from the Subject Property."[8]

The circuit court's mixed findings and conclusions that neither party breached the six-month oral Contract, and that no contractual terms were established for Close Construction's continued use of the Operation Site after the oral Contract expired, cannot be reconciled with the circuit court's conclusion that Close Construction was legally required to clean-up the Operation Site.

In addition, because Sandwich Isles' counterclaim did not allege trespass or request a mandatory injunction, the FOF & COL was the first notice to Close Construction that it could be required to clean up the Subject Property. Close Construction was not given a reasonable opportunity to present equitable defenses such as unclean hands, estoppel, or the existence of an adequate remedy at law. <u>See, e.g.</u>, <u>Asato v. Procurement Policy Bd.</u>, 132 Hawaiʻi 333, 356, 322 P.3d 228, 251 (2014) (noting that "courts generally will refuse to grant injunctive relief unless plaintiff demonstrates that there is no adequate legal remedy[.]") (quoting 11A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2944); 75 Am. Jur. 2d <u>Trespass</u> § 70 (2021) ("One is estopped to maintain an action for a trespass to which he or she has consented."). Likewise, Sandwich Isles was not given a reasonable opportunity to argue for or against that remedy, as opposed to other remedies.

---

[8] The circuit court's findings and conclusions about ownership of the aggregate and Sandwich Isles' preventing Close Construction from removing the aggregate from the Subject Property were also irreconcilably inconsistent with its earlier granting of partial summary judgment in favor of Sandwich Isles on Close Construction's conversion claim.

Under the foregoing circumstances, we vacate the Amended Final Judgment and the FOF & COL and remand for further proceedings not inconsistent with this opinion, including a new trial. See Ray v. Kapiolani Med. Specialists, 125 Hawaiʻi 253, 263, 259 P.3d 569, 579 (2011) (remanding for new trial where special verdict was irreconcilable when "construed in the context of the surrounding circumstances and in connection with the pleadings, instructions, and issues submitted.").

## CONCLUSION

Based upon the foregoing, the "Amended Final Judgment" entered by the circuit court on October 5, 2018, and the "Findings of Fact and Conclusions of Law" entered on July 18, 2016, are vacated, and this matter is remanded for a new trial and further proceedings not inconsistent with this memorandum opinion.

DATED:  Honolulu, Hawaiʻi, May 10, 2021.

On the briefs:

Gerald S. Clay,
Scott I. Batterman,
for Plaintiff-Counterclaim
Defendant-Appellant.

Lyle S. Hosoda,
Addison D. Bonner,
for Defendant-
Counterclaimant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge